JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARIS MCGOWAN,<br><br>Plaintiff,<br><br>v.<br><br>MCLANE COMPANY, INC., MCLANE FOODSERVICE DISTRIBUTION, INC., MCLANE FOODSERVICE, INC., MCLANE SUNEAST, INC., DOES 1 TO 100,<br><br>Defendants. | CASE NO. 5:24-cv-00689-JLS-MARx<br>**X 5:24-cv-01332-JLS-MARx**<br><br>**ORDER CONSOLIDATING CASES** |

On November 8, 2024, the Court issued an Order to Show Cause ("OSC") why the following three cases should not be consolidated:

- 2:23-cv-01220-JLS-MAR, *Fernando Prado v. McLane Suneast, Inc. et al* ("*Prado*");
- 5:24-cv-00689-JLS-MAR, *Paris McGowan v. McLane Company, Inc. et al* ("*McGowan I*"); and
- 5:24-cv-01332-JLS-MAR, *Paris McGowan v. McLane Company, Inc. et al* ("*McGowan II*").

(*See, e.g.*, OSC in *McGowan I*, Doc. 36.) Plaintiffs and Defendants timely responded. For the following reasons, the Court now ORDERS that *McGowan I* and *McGowan II* (Case Nos. 5:24-cv-00689-JLS-MAR and 5:24-cv-01332-JLS-MAR) be consolidated. *Prado* (2:23-cv-01220-JLS-MAR) shall proceed separately.

Pursuant to Federal Rule of Civil Procedure 42, a court may consolidate cases that "involve a common question of law or fact." "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003). "Rule 42(a) does not prevent a court from consolidating cases even where [varying] claims are present." *Borteanu v. Nikola Corp.*, 507 F. Supp. 3d 1128, 1134 (D. Ariz. 2020), *vacated on different grounds by* 562 F. Supp. 3d 174 (D. Ariz. 2021).

Here, *McGowan I* and *McGowan II* feature common questions of law and fact. Both actions are brought by the same named plaintiff and allege that the same defendants violated the California Labor Code by failing to: (1) pay minimum and overtime wages; (2) provide meal periods and rest breaks; (3) timely pay wages upon termination; (4) provide complete and accurate wage statements; and (5) reimburse business expenses. (*See McGowan I* Compl., Doc. 4-1; *McGowan II* Compl., Ex. A to NOR, Doc. 1.) The proposed class definition in *McGowan I* significantly overlaps with the proposed PAGA

definition in *McGowan II*. (*See McGowan I* Compl. ¶ 13; *McGowan II* Compl. ¶ 17.) Both cases are also in the same early stages of litigation. And thus far, the parties have been filing near-identical briefs in both cases, demonstrating the similarity of the issues. Accordingly, judicial economy will be greatly served by consolidation, which will avoid duplication of work and ensure consistent outcomes. Further, no meaningful prejudice will arise from consolidating *McGowan I* and *McGowan II*, as Plaintiff Paris McGowan agrees that they should be consolidated. (*See* Plaintiff's Response to OSC in *McGowan I*, Doc. 37; Plaintiff's Response to OSC in *McGowan II*, Doc. 23.)

*Prado,* on the other hand, should not be consolidated with the two *McGowan* cases. The parties in *McGowan I* and *McGowan II* object to such consolidation, pointing out several material differences between *Prado* and the *McGowan* cases; namely that *Prado* involves different parties, is at a significantly later stage in the litigation process, and will proceed as an individual action.[1] (*See, e.g.,* Plaintiff's Response to OSC in *McGowan I*; Defendants' Omnibus Response to OSC in *McGowan I*, Doc. 38*.*) Given these differences, the Court concludes that judicial economy will not be served by consolidating the *Prado* and the *McGowan* cases.

Therefore, the Court ORDERS that *McGowan I* and *McGowan II* are consolidated. Going forward, all filings shall be made in *McGowan I*, Case No. 5:24-cv-00689-JLS-MAR. The pending motions to dismiss and/or strike filed by Defendant McLane Suneast, Inc. in *McGowan I* (Doc. 29) and in *McGowan II* (Doc 15), are DENIED as MOOT so that Defendant can file a single motion to dismiss under the new, consolidated case caption. Any such motion shall be filed within **ten (10) days** of the issuance of this Order.

Dated:  December 8, 2024

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

[1] As the *Prado* defendants point out, the deadline to file a motion for class certification expired on November 22, 2024, and no such motion has been filed. (*See* Order Amending Scheduling Order, Doc. 41.)

3